## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 12-98 (JRT/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mohamed Abdi, | |
| Defendant. | |

Michael L. Cheever, Esq., Assistant United States Attorney, counsel for Plaintiff.

Catherine M. Menedez, Esq., Assistant Federal Defender, counsel for Defendant.

This matter is before the undersigned United States Magistrate Judge Steven E. Rau on Defendant Mohamed Abdi's Pretrial Motion to Suppress Statements. (Doc. No. 21.)[1] Specifically, Defendant argues that admission at trial of three statements he made during an Internal Revenue Service ("IRS") investigation violates his Fifth and Sixth Amendment rights. This Court held a hearing on Defendant's motion on September 21, 2012, and received testimony from the following two witnesses: Internal Revenue Officer Randy Strudle and Supervisory Special Agent Catherine Myers. This Court also received five exhibits from the Government, including memoranda and notes from the interviews at issue. The District Court referred Defendant's motion to the undersigned for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, this Court recommends denial of Defendant's Motion to Suppress Statements.

---

[1] The undersigned heard Defendant's motion and issues this Report and Recommendation in light of United States Magistrate Judge Jeffrey J. Keyes' temporary unavailability. The matter otherwise remains assigned to Judge Keyes.

1

**BACKGROUND**

The Government charges Defendant with four counts of failure to pay over taxes withheld and four counts of tax evasion. (Doc. No. 1, Indictment.) Defendant now seeks to suppress three statements he made during the IRS investigations that led to those charges. He made the first statement to Internal Revenue Officer Randy Strudle, a civil investigator for the IRS, on December 6, 2007. He made the second and third statements to Special Agent Catherine Myers, a criminal investigator for the IRS, on April 6, 2010, and May 4, 2010, respectively. (Doc. No. 21, Def.'s Mot.)

In April of 2007, Revenue Officer Strudle began investigating Daryeel Home Health Care, LLC ("Daryeel"), for failure to pay employment taxes. Officer Strudle learned that Defendant held a power of attorney for Daryeel concerning its payroll taxes. He also learned that Defendant's company, Siham Solutions, Inc. ("Siham Solutions"), provided payroll services to Daryeel. On June 21, 2007, Officer Strudle first attempted to contact Defendant by visiting the Siham Solutions offices. Defendant was not at the location, but Officer Strudle was able to speak with him over the phone that day. Officer Strudle informed Defendant of the investigation process and procedure. Defendant indicated that he would like an opportunity to discuss the matter with Daryeel and would contact Officer Strudle to let him know how he would like to proceed. Officer Strudle told Defendant that he would continue his investigation and that he left a package for Defendant at Siham Solutions. Officer Strudle did not tell Defendant that the civil investigation he was conducting could turn into a criminal matter.

Over the course of the next six months, Officer Strudle attempted to contact Defendant several times. Officer Strudle told Defendant that he needed to speak with him about Daryeel's unpaid employment taxes. Despite those efforts, Officer Strudle only spoke with Defendant on

the phone. (Hr'g Ex. 2.) It was not until December 6, 2007, at Defendant's home that Officer Strudle personally met Defendant. At Defendant's request, they relocated the meeting to a private conference room at City Hall in Eden Prairie, Minnesota. Before the meeting began, Officer Strudle provided Defendant with a copy of IRS Publication 1—a document that described Defendant's rights as a taxpayer, including his right to privacy and representation. (Hr'g Ex. 5.) Prior to the meeting, Officer Strudle also mailed Publication 1 to Defendant's home. During the meeting, Defendant did not look at the document. The meeting lasted for several hours, and, during that time, Defendant never asked for an attorney or for Officer Strudle to stop the interview. Officer Strudle was not armed, wore civilian clothes, and never threatened Defendant during that meeting.

Officer Strudle testified that he was not involved with the IRS's subsequent criminal investigation. The records of his civil audit show no overlap between the civil investigation he conducted and the criminal investigation Special Agent Myers began in January 2010. (*See* Hr'g Exs. 1–2.)

In January of 2010, Special Agent Catherine Myers began a criminal investigation of Defendant's alleged failure to pay over withheld taxes and tax evasion. Agent Myers attempted to contact Defendant by phone, leaving him a message, but when Defendant returned her call, he was unable to reach Agent Myers. Agent Myers first spoke to Defendant on April 6, 2010, when she returned Defendant's call. Agent Myers introduced herself as a special agent with the IRS Criminal Investigation Division. Agent Myers explained to Defendant that she was investigating Defendant's alleged failure to pay over taxes on Daryeel's behalf, and she advised him of his non-custodial rights. Defendant told her that he understood those rights and the conversation continued. At the conclusion of the phone call, Agent Myers again reminded Defendant that she

was conducting a criminal investigation. Defendant asked Agent Myers whether he needed an attorney. Agent Myers advised Defendant that he had the right to an attorney, but that she could not assist him with his decision whether to retain one. Defendant ultimately agreed to meet Agent Myers for an in-person interview on May 4, 2010, in Arizona.

On May 4, 2010, Defendant met Agent Myers and IRS Special Agent Glen Bona at the IRS Office in Mesa, Arizona. Both Agents Myers and Bona wore civilian clothes and met Defendant in an unlocked interview room. Both Agents carried firearms, which they concealed from view. At the start of the meeting, Agent Myers advised Defendant of his non-custodial rights, and Defendant responded that he understood his rights. The interview lasted approximately one and a half hours. Defendant never asked to speak to an attorney or to stop the interview.

## DISCUSSION

### I. SIXTH AMENDMENT

Defendant first argues that he made the statements at issue without the benefit of counsel in violation of his Sixth Amendment rights. (Def.'s Mot. 1–2.) The Sixth Amendment protects an individual's right to have the assistance of counsel in his defense in all criminal prosecutions. U.S. Const. amend. VI. Under the Sixth Amendment, the government is prohibited from using a defendant's incriminating statements if it deliberately elicited those statements from the defendant in the absence of counsel after it has initiated judicial criminal proceedings. *See Massiah v. United States*, 377 U.S. 201, 206 (1966). "[T]he Sixth Amendment right to counsel does not attach until the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois*, 406 U.S. 682, 689 (1972) (plurality opinion) (quotations omitted); *United States v.*

*Morris*, 531 F.3d 591, 593 (8th Cir. 2008). When Defendant made his December 6, 2007, April 6, 2010, and May 4, 2010 statements to Officer Strudle and Agents Myers and Bona, the Government had not yet begun any adversary judicial criminal proceedings against Defendant. Accordingly, the Sixth Amendment right to counsel had not attached when Defendant made the statements at issue, and his motion to suppress statements for Sixth Amendment violations should be denied.

## II.     FIFTH AMENDMENT

Defendant argues next that admitting the statements against him at trial would violate his Fifth Amendment rights because he made those statements without being advised of his rights as required by *Miranda v. Arizona*, 384 U.S. 436 (1966). (*See* Def.'s Mot. 1–2.) Taxpayer statements made to IRS officials as part of a non-custodial IRS investigation, however, are admissible even when the taxpayer is not advised of his *Miranda* rights. *Beckwith v. United States*, 425 U.S. 341, 347 (1976); *United States v. Larson*, 612 F.2d 1301, 1304 (8th Cir. 1980); *United States v. Vannelli*, 595 F.2d 402, 406 (8th Cir. 1979). Thus, before the Court reaches the issue whether the IRS officials properly advised Defendant of his *Miranda* rights, it must consider whether Defendant made any of the statements at issue while in custody.

To determine whether a person is in custody, the Eighth Circuit considers the "totality of the circumstances." *United States v. Axsom*, 289 F.3d 496, 500 (8th Cir. 2002). The following six factors are used: (a) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (b) whether the suspect possessed unrestrained freedom of movement during questioning; (c) whether the suspect initiated the contact with authorities or voluntarily acquiesced to official requests to respond to questions; (d) whether

strong arms tactics or deceptive stratagems were employed during questioning; (e) whether the atmosphere of the questioning was police dominated; or, (f) whether the suspect was placed under arrest at the termination of the questioning. *United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir. 1990).

Based on the record before the Court, nothing suggests Defendant was in custody when he made the statements at issue to Officer Strudle at the Eden Prairie City Hall on December 6, 2007. Defendant's freedom of movement was not restrained during that meeting. Although Officer Strudle attempted to tell Defendant on several occasions before they met that he needed to talk to Defendant about the issues with Daryeel's unpaid taxes, Defendant voluntarily acquiesced to Officer Strudle's request for a meeting. Further, Officer Strudle testified that the meeting was conducted in a conversational tone, he wore civilian clothes, remained unarmed, and never threatened Defendant. Officer Strudle was the only person in the room with Defendant, and the meeting took place at a location that Defendant requested. Defendant was not arrested following that meeting. Accordingly, this Court concludes that Defendant was not in custody when he made the statements at issue, and *Miranda* does not apply.

Similarly, Defendant was not in custody when he made statements to Special Agent Myers on April 6, 2010, or on May 4, 2010. The first conversation on April 6, 2010, took place over the phone when Defendant plainly was not in custody. In the second conversation on May 4, 2010, Defendant voluntarily agreed to meet with Special Agent Myers. Agent Myers conducted the interview that day in an unlocked room with only two agents present. In other words, Defendant possessed unrestrained freedom of movement and the atmosphere was not dominated by the IRS officials' presence. Although, Agents Myers and Bona were armed, they concealed their weapons. Both of them wore civilian clothes, and neither threatened Defendant

6

at any point during the interview. Defendant was not arrested at the conclusion of the meeting. Accordingly, this Court concludes that Defendant was not in custody at the time he made either the April 6, 2010 or May 4, 2010 statements, and *Miranda* does not apply.

For the foregoing reasons, Defendant's motion to suppress statements should be denied to the extent it asserts his Fifth Amendment rights were violated due to a lack of *Miranda* warnings.

## III. VOLUNTARINESS AND INTENTIONAL DECEIT

Finally, Defendant contends that the Government should be prevented from using his statements against him at trial because he made them involuntarily. (Def.'s Mot. 2.) "A statement is involuntary when it was extracted by threats, violence, or express or implied promises sufficient to overbear the defendant's will and critically impair his capacity for self-determination." *Simmons v. Bowersox*, 235 F.3d 1124, 1132 (8th Cir. 2001). The totality of the circumstances dictates whether a confession is involuntary. *Wilson v. Lawrence*, 260 F.3d 946, 952 (8th Cir. 2001). The government bears the burden of persuasion and must prove by a preponderance of the evidence that the challenged statements were voluntary. *United States v. Astello*, 241 F.3d 965, 966 (8th Cir. 2001).

Here, the Government has met its burden to show that Defendant spoke voluntarily with Revenue Officer Strudle and Special Agent Myers during all of the encounters at issue. No one threatened Defendant during any of the interviews. No express or implied promises were made to Defendant to encourage him to speak. And no other circumstances suggest that Defendant's will was overborne. Thus, this Court finds that Defendant made the statements at issue voluntarily.

In addition, to the extent Defendant argues that any of his statements should be suppressed because the IRS developed a criminal investigation "under the auspices of a civil

7

audit," *United States v. Grunewald*, 987 F.2d 531, 534 (8th Cir. 1993), his motion to suppress should be denied. "Evidence obtained in the course of a criminal investigation, where the defendant has not been apprised of the nature of the investigation, may be suppressed only if the defendant establishes that: (1) the IRS had firm indications of fraud by the defendant, (2) there is clear and convincing evidence that the IRS affirmatively and intentionally misled the defendant, and (3) the IRS's conduct resulted in prejudice to defendant's constitutional rights. *United States v. Wadena*, 152 F.3d 831, 851 (8th Cir. 1998) (quoting *Grunewald*, 987 F.2d at 534) (emphasis removed). Nevertheless, "the mere failure of an IRS agent to inform a defendant that information developed in an audit may result in a further criminal investigation does not indicate affirmative and intentional deceit by the IRS." *Grunewald*, 987 F.2d at 534.

Here, Defendant failed to meet his burden to show that the *Wadena* and *Grunewald* factors were present. There is nothing to indicate that the civil investigation and criminal investigation overlapped. Nor is there any evidence that Officer Strudle affirmatively and intentionally misled Defendant. Thus, this Court finds that the IRS did not conduct a criminal investigation under the auspices of a civil audit.

For these reasons, Defendant's motion to suppress statements should be denied to the extent he asserts that his statements were made involuntarily or that the IRS officials intentionally deceived him.

## IV. RECOMMENDATION

Based on the foregoing, this Court **HEREBY RECOMMENDS** that:

1. Defendant's Pretrial Motion to Suppress Statements (Doc. No. 21) be **DENIED**.

Date: October 12, 2012

                                            *s/Steven E. Rau*
                                            Steven E. Rau
                                            United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 26, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.